*Northern District*

No. 4730

## MARJORIE B. RUGGLES
v.
## NATIONAL MOVERS, INC.

(April 30, 1954)

*Brooks, J.* This is an action in contract by plaintiff against a common carrier for the recovery of damages to articles shipped by plaintiff from Massachusetts to Ohio and for the loss of certain other articles similarly shipped. Defendant's answer is a general denial; that the rates charged for transportation of the goods and the limit of liability for any loss or damage thereto were fixed and filed with the Interstate Commerce Commission and that the defendant's liability for any loss or damage to the plaintiff's goods are established by the tariff rates which limit the liability of the defendant to $1.50 per pound per article.

There was evidence upon which the trial judge could have found the following facts: The articles in question, consisting of six chairs, three barrels, one music cabinet, five cartons, one grand piano, one piano bench, one grandfather clock, one banjo clock, one table, were delivered in good condition to defendant's office in Watertown, Mass., on July 5, 1950. On July 23, there were delivered at plaintiff's house at Brookville, Ohio, all the articles in question except the banjo clock and the works, face, weights

and a brass ornament belonging to the grandfather clock. The grand piano, bench and music cabinet were in a damaged condition. Later, the weights of the clock and the brass ornament were found and delivered. The works and face of the grandfather clock, also the banjo clock, were never located.

Before delivery of the shipment to defendant July 5, plaintiff talked with one Mr. Tarbox, an agent of defendant, informing him that the two clocks and the piano were valuable and that she wanted extra insurance. Mr. Tarbox agreed to put on extra insurance and told plaintiff that the transportation charges would be about $150. No bill of lading was given plaintiff at time of shipment.

When the goods were delivered, plaintiff noticed that parts of the grandfather clock were missing. This fact she noted on the delivery receipt which she signed. She also signed the bill of lading which she saw for the first time but not long enough to examine it because the truck driver seemed to be in a hurry and told her that unless she signed the bill of lading, she would have no right to recover damages. No copy of the bill of lading was given to her.

The bill of lading included the following statement: "The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding $1.50 per pound per article." Following this provision was a space for declaration of values in excess of the above limit which was not filled in.

Plaintiff duly filed a proof of claim with the following estimated values and amount claimed:

| | | | | |
|---|---|---|---|---|
| grandfather clock, | value | $850 | claim | $800 |
| banjo clock, | value | 250 | claim | 250 |
| grand piano, | value | 600 | claim | 180 |
| music cabinet, | value | | claim | 5 |
| | | | | $1235 |

At the trial, plaintiff testified to the above values, not as an expert, but as owner, after talking with

two woodworking men who had examined the goods and given her estimates as to probable cost of repairs. No objection to the admission of her testimony appears to have been raised at the trial.

The trial judge found that plaintiff was not bound by the limitations as to recovery in the bill of lading, since she was led to believe by Mr. Tarbox that additional valuation would be placed on the articles, and since she had not had a chance to see the bill of lading before shipment and delivery and had been hurried into signing the bill of lading and the delivery receipt.

Defendant filed Requests for Rulings which were disposed of in the manner noted below.

1. On all the evidence the finding should be for the defendant. *Denied*.

3. There is not sufficient evidence in this case to warrant a finding for the plaintiff. *Denied*.

4. The Court is not warranted in finding for the plaintiff because the plaintiff's case does not correspond to her declaration. *Denied*.

5. On all the evidence the finding should be for the defendant for the reason that the defendant delivered to the plaintiff, all the articles of personal property delivered to it on July 5, 1950; for shipment to the plaintiff's residence in Brookville, Ohio. *Denied*.

6. The rights and liabilities of the parties in this case are governed by the provisions of the Interstate Commerce Act, and the Motor Carrier Act of 1935. See *Sun Insurance Office Limited of London v. Be-Mac Transport Co. Inc.*, 132 F. 2d. 535. *Denied*.

7. The plaintiff is bound by the rules and regulations of the defendant and by the terms and conditions of the Uniform Household Goods Bill of Lading and Freight Bill; and Delivery Receipt, all as set forth in the Official Classifications and tariffs, rules and regulations in effect on the date of issue of Bill of Lading, duly filed with the Interstate Commerce Commission. See *Boston & Maine R.R. v.*

*Hooker*, 233 U.S. 97. *Allowed but I do not so find.*

8. The plaintiff is bound by the following conditions of the Uniform Household Goods Bill of Lading and Freight Receipt; Section 2. (a) No carrier is bound to transport said property by any particular schedule, vehicle, train or vessel or otherwise than with reasonable dispatch. Every carrier shall have the right in case of physical necessity to forward said property by any carrier or route between the point of shipment and the point of destination. In all cases not prohibited by law, where a lower value than actual value has been represented in writing by the shipper or has been agreed upon in writing as the released value of the property as determined by the Classification or tariffs upon which the rate is based, such lower value shall be the maximum amount to be recovered, whether or not such loss or damage occurs from negligence. See *Central Warehouse Co. v. Chicago, R.I. & R.Ry. Co.;* 20 F. 2d. 828. *Pittsburg, Cincinnati, Chicago & St. Louis Ry. v. Fink,* 250 U.S. 577. *Allowed but I do not so find.*

11. The question of liability of the defendant in this case if the Court should find any liability, is governed by Section 20 (11) of the Interstate Commerce Act (49 U.S.C.) Section 20 imposes a rule of full liability, notwithstanding any limitation of liability or agreement as to value, with certain carefully defined exceptions. The exception involved in this case relates to property concerning which the Interstate Commerce Commission has authorized or required the carrier to establish and maintain dependent upon the value declared in writing by the shipper or agreed upon in writing as the released value of the property. *Allowed but do not so find.*

12. In the event the Court finds the defendant failed to deliver the face and works of the grandfather clock that the maximum liability thereunder of the defendant be limited to $75.00, based on a maximum weight of 50 pounds at $1.50 per pound. *Denied.*

16. On all the evidence the Court is not warranted in finding for the plaintiff because the plaintiff signed the "Delivery Receipt" acknowledging receipt of all her goods except works, face, weight, brass ball and trim for grandfather's clock, which the defendant had delivered to her by Railway Express Agency, Inc. *Denied*.

Defendant's Requests for Rulings raise primarily two questions:

1. Was plaintiff bound by the limitation of a $1.50 per pound per article in the bill of lading?

2. If plaintiff was not bound, shall the court's finding as to damages stand, based, as it was, on plaintiff's admittedly non-expert testimony?

Subsidiary questions relate to the effect of plaintiff's signing the delivery receipt and the bill of lading. Under the circumstances of this case, plaintiff's signing of the delivery receipt should have no bearing on her right of recovery. Similarly, her signing of the bill of lading after delivery of the goods, when she saw it for the first time, should not be allowed to prejudice her case even though part of what she subscribed to was the limitation on liability.

The court below rightly found that plaintiff did not have a fair opportunity to examine the goods for any loss or damage, and that while no actual fraud may have been perpetrated upon plaintiff, an unfair advantage was taken of her in insisting on her immediate signature.

On the more general question of the effect of the tariff limitation on plaintiff's right to recover, the plaintiff is not bound by the limitation on defendant's liability as set forth in the bill of lading. The court's finding that plaintiff believed that her goods were properly insured carries with it the necessary implication that this belief was reasonable under the cirsumstances, being based on conversation with Mr. Tarbox. In any event, there is nothing to indicate

that at the time of the shipment she was under the impression that the shipment was to be on a limited liability basis.

This being a shipment in interstate commerce, the rights of the parties are governed by Federal Law. *Surprise Furniture Co., Inc. v. Long Island R.R.*, 107 N.Y.S. 2nd 316 (1951).

The shipper not having in any manner assented to the limitation on liability in the bill of lading is not bound by it. *Caten v. Salt City Movers & Storage Co.*, 149 F. 2d 428, *N.Y., N.H., & H.R.R. v. Nothnagle*, 346 U.S. 128, *Surprise Furniture Co., Inc. v. Long Island R.R.*, supra 165 A.L.R. 1008 ff.

In the Caten case plaintiff shipped household goods from New York to Rhode Island by motor vehirle operating as a common carrier in interstate commerce. The van caught fire and the shipment was destroyed. As in the present case, there were two primary questions: Was there limitation on defendant's liability other than the actual value of the articles destroyed? Was the proof of value properly admitted in evidence?

In finding defendant liable for the actual value, the court discussed the history and provisions of the Interstate Commerce Act and said: "It was made obligatory upon every initial common carrier accepting property for interstate shipment to issue a receipt or bill of lading therefore and liability was imposed upon it for the full actual loss or damage to the property sustained during carriage by it or by a connecting carrier under a through bill of lading . . . Any attempt to limit liability is prohibited except upon a declaration of value by the shipper in writing or upon a released value agreed to in writing . . .

"The statute makes it abundantly clear that the carrier's common law liability for full actual damages, whether or not caused by its negligence, is imposed when it accepts goods for carriage, unless a certain specified agreement limiting that liability has been made as the result of an equally specified action by

the shipper in respect to a voluntary valuation of his goods. Even then the carrier is not permitted to contract against liability for its own negligence. Only by giving the shipper an opportunity to choose between higher and lower rates based upon valuation can the carrier place the shipper who had selected a lower rate in the prescribed manner in the position where he is estopped to assert loss or damage to an amount in excess of the declared valuation upon which the rate was fixed."

Similarly, in the Nothnagle case the plaintiff was permitted to recover the actual value of a suitcase delivered to a redcap and lost. According to the tariff schedules filed with the Interstate Commerce Commission liability was permitted up to $25.00. The grounds of the decision were that since no value had been declared in writing by the shipper or agreed upon in writing, the tariff filed with the Interstate Commerce Commission did not control. The court said, "Only by granting its customers a fair opportunity to choose between higher or lower liability by paying a correspondingly greater or lesser charge can a carrier lawfully limit recovery to the amount less than the actual loss sustained."

In the case before us, plaintiff not only had not assented to the lower rate but had specifically instructed the agent of defendant to place a higher valuation on the goods shipped.

The question of the effect, under Mass. Law of Limitation on liability printed on baggage, checks, tickets, etc., is exhaustively discussed in the case of *Kergald v. Armstrong Transfer Express Co.* 1953 A.S. 555. The result reached in that case is consistent with Federal Law above cited.

Plaintiff's testimony as to the value of the articles damaged or lost or made valueless by loss of parts was received by the trial court without objection from the defendant. Had the testimony been objected to, the objection might well have been sustained. Had it been admitted over plaintiff's objection, this

court could now review the correctness of the admission. In the absence of a timely objection, it is too late now to raise the question.

The denial of defendant's Requests Nos. 1, 3, 4, 5, 6, 7, 12, and 16 was proper. The court's action on defendant's Requests Nos. 8 and 11, taken in connection with the evidence recited in the report and the court's findings, was likewise proper.

Report dismissed.

Richard S. Powers, for the plaintiff.

Angelo Morello, for the defendant.